USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ROBERT MEDINA,
a/k/a "Pops,"

Defendant.

**MEMORANDUM**
**OPINION & ORDER**

S3 13 Cr. 272 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Defendant Robert Medina is charged in Count One of Indictment S3 13 Cr. 272 with conspiring to distribute, and to possess with intent to distribute, marijuana and 280 grams or more of crack cocaine, in violation of 21 U.S.C. § 846; in Count Two, with using and carrying a firearm "[i]n or about 2012," during and in relation to the narcotics conspiracy charged in Count One, and on occasions other than the July 28, 2012 murder of Gary Clark, in violation of 18 U.S.C. § 924(c); and in Count Four, with using and carrying a firearm on or about July 28, 2012, in connection with the narcotics conspiracy charged in Count One, and causing the death of Gary Clark through the use of a firearm, in violation of 18 U.S.C. § 924(j). (S3 Indictment (Dkt. No. 111))

Medina has moved to dismiss Count Two, arguing that (1) it is a lesser included offense of Count Four, and that charging Count Two as a separate offense violates the Double Jeopardy Clause of the Fifth Amendment; and (2) Count Two and Count Four are part of the same "unit of prosecution," and dismissal of Count Two is required under United States v. Lindsay, 985 F.2d 666, 674 (2d Cir. 1993). (Dkt. Nos. 135, 149) For the reasons stated below, Defendant's motion to dismiss Count Two will be denied.

## BACKGROUND

Medina's arrest arose from a New York City Police Department ("NYPD") investigation of two shootings in the Bronx on July 28, 2012. (Suppression Hearing Transcript (Dkt. No. 24) at 16, 142) The first shooting took place at about 1:00 a.m. near 222nd Street and White Plains Road, and resulted in a non-fatal injury to a bystander outside Scotty Pump Ups Tavern ("Scotty's"). (Id. at 142, 231-32) The second shooting took place at about 5:00 a.m. near 228th Street and White Plains Road, and resulted in the death of Gary Clark. (Id. at 16, 18, 196)

The S3 Indictment includes the following charges against Medina:

### COUNT ONE

. . .

1. In or about 2012, in the Southern District of New York and elsewhere, ROBERT MEDINA, a/k/a "Pops," RUBEN ESTRADA, a/k/a "Mafia," and JOHN JONES, a/k/a "Doe," a/k/a "Doughboy," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that ROBERT MEDINA, a/k/a "Pops," RUBEN ESTRADA, a/k/a "Mafia," and JOHN JONES, a/k/a "Doe," a/k/a "Doughboy," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances that ROBERT MEDINA, a/k/a "Pops," and RUBEN ESTRADA, a/k/a "Mafia," the defendants, conspired to distribute and possess with the intent to distribute were: (a) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (b) mixtures and substances containing a detectible amount of marijuana in violation of Title 21, United States Code, Section 841 (b)(1)(D).

4. The controlled substance that JOHN JONES, a/k/a "Doe," a/k/a "Doughboy," the defendant, conspired to distribute and possess with the intent to distribute was 280 grams and more of mixtures and substances containing a detectable amount

of cocaine base, in violation of Title 21, United States Code, Section 841 (b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO

. . .

5. In or about 2012, and on occasions other than the murder of Gary Clark on or about July 28, 2012, in the vicinity of 718 East 228th Street, Bronx, New York, as charged in Count Four, in the Southern District of New York, ROBERT MEDINA, a/k/a "Pops," and RUBEN ESTRADA, a/k/a "Mafia," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the narcotics conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished and discharged.

(Title 18, United States Code, Sections 924 (c)(1)(A)(i), 924 (c)(1)(A)(ii), and 924 (c)(1)(A)(iii), and 2.)

. . .

## COUNT FOUR

. . .

7. On or about July 28, 2012, in the Southern District of New York, ROBERT MEDINA, a/k/a "Pops," and RUBEN ESTRADA, a/k/a "Mafia," the defendants, willfully and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, MEDINA and ESTRADA caused the death of Gary Clark, by discharging, and aiding and abetting the discharge[] of[,] a firearm at Clark, in the vicinity of 718 East 228th Street, Bronx, New York.

(Title 18, United States Code, Sections 924(j) and 2.)

. . .

(S3 Indictment (Dkt. No. 111) ¶¶ 1-4, 5, 7)

3

On June 6, 2014, Medina moved to dismiss Count Two, which alleges that Medina violated 18 U.S.C. § 924(c). (Dkt. No. 135) In his initial briefing, Medina argued that Count Two is a lesser included offense of Count Four, which charges Medina with violating 18 U.S.C. § 924(j), and that charging Count Two as a separate offense violates the Double Jeopardy Clause of the Fifth Amendment. (June 6, 2014 Def. Br. (Dkt. No. 137) at 1)

At a June 9, 2014 conference, the Court raised a different concern: whether Count Two and Count Four run afoul of United States v. Lindsay, 985 F.2d 666, 674 (2d Cir. 1993), which addresses the propriety of convictions for multiple Section 924(c) counts premised on the same predicate offense. At that conference, the Government stated that it might seek a fourth superseding indictment in light of Medina's motion and the Court's concerns. The Court set a deadline of June 13, 2014, for the filing of a fourth superseding indictment. The Court also set a schedule for additional briefing concerning these issues.

In a June 11, 2014 letter, the Government informed the Court that it does not intend to seek a fourth superseding indictment. (Dkt. No. 145)

On June 18, 2014, Medina filed a supplemental brief in support of his motion to dismiss Count Two. (June 18, 2014 Def. Br. (Dkt. No. 149) at 1) Medina repeats his argument that Count Two should be dismissed on double jeopardy grounds. Medina argues that (1) Count Two is a lesser included offense of Count Four; and (2) Count Two can be read to include the Clark homicide charged in Count Four. According to Medina, he thus faces prosecution for "two violations . . . for overlapping conduct." (Id. at 2-5) Medina also claims that Count Two should be dismissed on "statutory grounds," because Count Two and Count Four are part of the same "unit of prosecution" within the meaning of Lindsay, 985 F.2d at 674. (Id. at 1)

4

## DISCUSSION

Medina's argument that the Section 924(c) charge set forth in Count Two could be read to include the use of a firearm in the Clark homicide charged in Count Four, ignores the plain language of the S3 Indictment. Count Two's reference to "occasions other than the murder of Gary Clark" makes clear that Count Two is directed at conduct other than that relating to the Clark homicide. It is equally clear from Count Four – which addresses the use of a firearm to "cause[] the death of Gary Clark" – that that count addresses the Clark homicide. Any possibility of juror confusion concerning the demarcation between Count Two and Count Four can be addressed in jury instructions.

Medina's double jeopardy argument likewise does not justify dismissal of Count Two. "Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." United States v. Josephberg, 459 F.3d 350, 355 (2d Cir. 2006).[1] Accordingly, where "[n]o convictions have been entered . . . the Double Jeopardy Clause's guarantee against multiple punishments for the same offense has not yet been

---

[1] Medina cites United States v. Polizzi, 257 F.R.D. 33, 36-37, 38 (E.D.N.Y. 2009), for the proposition that dismissal of multiplicitous counts is appropriate prior to trial. (June 6, 2014 Def. Br. (Dkt. No. 137) at 9) In Polizzi – which was issued while an appeal concerning the underlying convictions was pending before the Second Circuit – the court indicated that it would likely grant the defendant a new trial on remand, because the case had been "unduly expanded by extreme overindictment," where the defendant had been charged with eleven counts of possession of child pornography and twelve counts of receipt of child pornography, and the "Second Circuit [had] ordered vacatur of all but one of the eleven possession counts, and suggested that convictions for eight of the twelve receipt counts be vacated on remand, leaving a total of five crimes rather than twenty-three as having been properly charged." Polizzi, 257 F.R.D. at 33, 36. The court noted that the "number of crimes charged may well have caused the jury to consider the defendant's conduct more systematic and widespread than it would have were the [number of] charges reduced." See id. at 38. No such "extreme overindictment" is at issue here. In any event, Polizzi is in the nature of an advisory opinion. The court expressly states that it is intended as "[a] memorandum . . . for the advice of the parties only." Id.

5

triggered." United States v. Polouizzi, 564 F.3d 142, 157 (2d Cir. 2009). Since Josephberg, courts in this Circuit have routinely denied pre-trial motions to dismiss potentially multiplicitous counts as premature. See United States v. Burke, No. 09-CR-0135 (S-5) (SJ) (JO), 2011 WL 2609839, at *8 (E.D.N.Y. Feb. 26, 2011), report and recommendation adopted, No. 09 CR 135 (SJ), 2011 WL 2609837, at *6 (E.D.N.Y. July 1, 2011) (holding that – where a Section 924(c) count was a lesser included offense of a Section 924(j) charge – the "overlap between the two counts [was] no bar to their simultaneous prosecution, and . . . [defendant was] instead entitled only to have the sentences on both counts merged in the event he [was] found guilty of both"); see also United States v. Mostafa, 965 F. Supp. 2d 451, 464 (S.D.N.Y. 2013) ("It is well established that the Double Jeopardy clause does not prohibit simultaneous prosecutions for the same offense; it prohibits duplicative punishment. Accordingly, multiplicity is properly addressed by the trial court at the sentencing stage. At that time, the district court would be required to vacate one of the two convictions. . . . This Court will not engage in a multiplicity inquiry at this time. In accordance with Second Circuit precedent, any such issues may be raised post-trial.") (internal citations omitted); United States v. Ghavami, No. 10 Cr. 1217 (KMW), 2012 WL 2878126, at *11 (S.D.N.Y. July 13, 2012) ("To the extent that the Indictment alleges more than one conspiracy in violation of different statutory provisions . . . , Defendants' multiplicity challenge is premature. Should the jury convict Defendants on what the Court ultimately determines to be multiplicitous counts, the Court will enter judgment on only one of the multiplicitous convictions.") (internal citations omitted); United States v. Rivera, No. 09-CR-619 (SJF), 2011 WL 1429125, at *4 (E.D.N.Y. Apr. 13, 2011) ("Since it is possible that the jury will convict defendants on only one (1) of the respective counts that they allege are multiplicitous, and acquit defendants on all of the counts with which they allege that count is

multiplicitous, the issue of whether the counts are multiplicitous in violation of the Double Jeopardy Clause is premature at the pretrial stage."); United States v. Jahedi, 681 F. Supp. 2d 430, 436 (S.D.N.Y. 2009) ("[A] defendant's Double Jeopardy rights are only at risk upon conviction on more than one multiplicitous count. If this occurs, the proper remedy is for the district court to enter judgment on only one of the multiplicitous convictions."); United States v. Deas, No. 3:07-CR-73 (CFD), 2008 WL 5063903, at *2 n.1 (D. Conn. Nov. 24, 2008) ("Where, as is the case here, a single prosecution contains counts that are potentially multiplicitous, the Double Jeopardy Clause protects against multiple punishments. As described . . . in Josephberg, this protection is best achieved by vacating any multiplicitous conviction at trial, rather than by premature dismissal of the counts.") (emphasis in original); United States v. Ferguson, 478 F. Supp. 2d 220, 233 (D. Conn. 2007) ("The defendants' motion [to dismiss allegedly duplicative counts] is denied . . . [I]t is premature under Josephberg. Josephberg made clear that the defendants' Double Jeopardy rights are only at risk of violation after they are convicted of multiplicitous charges, not pre-trial. Because of this, district courts should dismiss multiplicitous counts only if a defendant is convicted on multiplicitous counts.") (internal citations omitted). "If the jury [ultimately] convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts. Or, if judgment of conviction has been entered on more than one such count, the district court should vacate the conviction on all but one." Josephberg, 459 F.3d at 355 (internal citation omitted).

    Because Medina has not been convicted of potentially multiplicitous charges, his challenge to Count Two of the S3 Indictment is premature, and his pre-trial motion to dismiss Count Two will be denied.

Finally, Medina has not demonstrated that <u>United States v. Lindsay</u>, 985 F.2d 666, requires dismissal of Count Two at this time.

In <u>Lindsay</u>, the defendant was convicted of fourteen Section 924(c) violations. The predicate offenses for the Section 924(c) violations were a cocaine distribution conspiracy and a continuing criminal enterprise ("CCE") charge. The cocaine distribution conspiracy was a lesser included offense of the CCE charge, which was based on the same cocaine distribution conspiracy. <u>Lindsay</u>, 985 F.2d at 669-670, 677. <u>Lindsay</u> thus presented the issue of whether, "where a defendant uses multiple firearms in relation to [the same] drug-trafficking offense, he has committed only a single violation of § 924(c)(1) [or multiple violations of that statute]." <u>Id.</u> at 672. The <u>Lindsay</u> court noted that answering this question requires an analysis of "whether the allowable unit of prosecution under § 924(c)(1) focuses on the drug-trafficking offense or on the individual firearms." <u>Id.</u> The Second Circuit concluded that

> [C]ongress considered the appropriate unit of prosecution to be the underlying drug-trafficking offense, not the separate firearms. Only where the defendant commits multiple drug-trafficking crimes or violent crimes, and the government can link the firearms to those crimes, may the government prosecute for multiple violations of § 924(c)(1). Where the government links multiple firearms to a single crime, only one § 924(c)(1) violation occurs.

<u>Id.</u> at 674 (internal citations omitted). The court went on to vacate all but one of the defendant's Section 924(c) convictions, because the predicate crime for each of these convictions was the same cocaine distribution conspiracy. <u>Id.</u> at 676-77.

In vacating Lindsay's Section 924(c) convictions, the Second Circuit stated that

> the government should never have charged multiple § 924(c)(1) violations in relation to each of the two underlying drug-trafficking violations with which Lindsay was charged.

<u>Id.</u> at 676. Relying on <u>Lindsay</u>, at least one court in this Circuit has required the Government – where it has obtained an indictment charging a defendant with multiple Section 924(c) violations

8

based on his use of a firearm in connection with the same crime of violence – to elect which Section 924(c) count it will proceed on at trial. United States v. Kee, No. S1 98 Cr. 778 (DLC), 2000 WL 863117, at *4 (S.D.N.Y. June 27, 2000).

When confronted – as here – with Section 924(c) and Section 924(j) counts based on the same predicate offense, however, courts in this District have allowed both counts to be presented to the jury. See Burke, 2011 WL 2609839, at *8; see also United States v. Barnes, No. 12-3320-CR, 2014 WL 1099144, at *1 (2d Cir. Mar. 21, 2014) (summary order) (upholding Section 924(c) and Section 924(j) convictions where both offenses were committed "during and in relation . . . to the narcotics conspiracy charged in Count One"); United States v. Barnes, No. S4 11 Cr. 184 (DLC) (S4 Indictment (Dkt No. 53) Counts Two and Eight).

Contrary to Medina's argument, Lindsay does not set forth "statutory grounds" for determining multiplicity, separate and apart from double jeopardy analysis. Instead, the "unit of prosecution" inquiry is part of the analysis as to whether a double jeopardy violation has occurred. See Polouizzi, 564 F.3d at 154 ("The Double Jeopardy Clause of the Fifth Amendment, inter alia, protects against multiple punishments for the same offense. When, as here, the same statutory violation is charged twice, the question is whether the facts underlying each count were intended by Congress to constitute separate 'units' of prosecution.") (internal quotations and citations omitted); United States v. Ansaldi, 372 F.3d 118, 124 (2d Cir. 2004) ("An indictment is multiplicitous if it charges the same crime in two counts. The primary problem is that the jury can convict on both counts, resulting in two punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment. When, as here, the same statutory violation is charged twice, the question is whether the facts underlying each count

were intended by Congress to constitute separate 'units' of prosecution.") (internal citations omitted).

In any event, the instant case does not involve two Section 924(c) charges premised on the same predicate offense. Instead, Count Two alleges a Section 924(c) violation based on multiple uses of a firearm in 2012 in connection with the drug trafficking conspiracy alleged in Count One, while Count Four alleges a Section 924(j) violation based on the use of a firearm to kill Gary Clark, albeit in connection with the same drug trafficking conspiracy. This Court's research has revealed only one case in which a court has ruled on a pretrial motion to dismiss a Section 924(c) count that is alleged to be a lesser included offense of a Section 924(j) charge. In that case – United States v. Burke, 2011 WL 2609839, at *8 – the court, relying on Josephberg, accepted the Government's argument that where a Section 924(c) count is a lesser included offense of a Section 924(j) charge, the "overlap between the two counts is no bar to their simultaneous prosecution, and . . . [the defendant is] instead entitled only to have the sentences on both counts merged in the event he is found guilty of both." Medina has cited no case to the contrary.

Language in other cases, although not dispositive, tends to support the argument that separate punishment for convictions under Section 924(c) and Section 924(j) may be appropriate, even where the predicate offense is the same drug trafficking crime or crime of violence. In United States v. Finley, 245 F.3d 199, 208 n.7 (2d Cir. 2001), for example, the Second Circuit suggested that the use of a firearm to commit a murder might alter its analysis of multiple 924(c) convictions:

> [T]he dissent fears preclusion of multiple § 924(c)(1) charges where a defendant, as in United States v. Rahman, 189 F.3d 88 (2d Cir.1999), uses a firearm to commit two murders while fleeing a crime scene or, as in United States v. Furrow, 125 F. Supp. 2d 1170, (C.D. Cal. 2000), uses a firearm to commit five

10

> murders in rapid succession. We believe such scenarios are readily distinguished from the present case both in terms of the nature and timing of the predicate offenses and the active employment of the firearm. . . . These multiple 'uses' of a firearm would . . . have little in common with the continuous and passive possession in this case.

Id. Here, the S3 Indictment does not contain two Section 924(c) charges involving "continuous and passive possession [of a firearm]." Instead, the Government has alleged that (1) on July 28, 2012, Medina used – or aided and abetted the use of – a firearm that caused the death of Gary Clark, in violation of Section 924(j); and (2) at other points in 2012, Medina used – or aided and abetted the use of – firearms that were "brandished and discharged," in violation of Section 924(c). (See S3 Indictment 13 Cr. 272 (Dkt. No. 111) (Counts Two and Four))

Moreover, in United States v. Curtis, 324 F.3d 501, 509 (7th Cir. 2003), the Seventh Circuit upheld multiple convictions under 18 U.S.C. § 924(j) that were premised on the same predicate offense. The Court concluded that Congress intended separate punishment for multiple Section 924(j) violations committed in furtherance of the same drug trafficking crime, noting that "nothing in the language of the statute . . . expressly requires the prosecutor to prove a separate drug trafficking offense . . . for each charged violation of § 924(j)." Id. at 508. The court also noted that a contrary interpretation "would lead to the conclusion that in a drug conspiracy . . . , all but the first killing committed in the course of the conspiracy would not be covered by th[e] statute." Id. at 509.

This Court need not resolve this issue now. Suffice it to say that Defendant has not demonstrated that it is appropriate to dismiss the Section 924(c) charge now as multiplicitous. In the event that Medina is convicted on all counts, this Court will revisit the issue at sentencing.

## CONCLUSION

For the reasons stated above, Medina's motion to dismiss Count Two of S3 Indictment 13 Cr. 272 is denied. The Clerk of the Court is respectfully directed to terminate the motion (Dkt. No. 135).

Dated: New York, New York
       July 3, 2014

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge