UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MEDINA,

              Movant,

-against-

UNITED STATES OF AMERICA,

              Respondent.

**TRANSFER ORDER**

13 Cr. 272 (PGG)

21 Civ. 5424 (PGG)

PAUL G. GARDEPHE, United States District Judge:

        Movant, currently incarcerated in F.C.I. Ashland, brings this pro se motion under 28 U.S.C. § 2255, seeking to challenge his judgment of conviction entered in United States v. Medina, ECF1:13-CR-0272, 256 (S.D.N.Y. Feb. 13, 2015). For the reason set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

        Court records show that Movant filed a previous motion for relief under § 2255 challenging the same judgment of conviction. See Medina v. United States, ECF 1:18-CV-0734, 27 (S.D.N.Y. Oct. 18, 2020). Because Movant's previous motion under § 2255 was decided on the merits, this application is a second or successive motion. See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).

        Before a second or successive § 2255 motion is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Movant must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[1]

---

[1] Movant must demonstrate that a motion to the Court of Appeals is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. See 28 U.S.C. § 2255(h).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Movant. In the interest of justice, the Court transfers this motion under § 2255 to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; see also Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam). This order closes this case. If the Court of Appeals authorizes Movant to proceed in this matter, he shall move to reopen this case under this civil docket number.

As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
June 23, 2021

_____
PAUL G. GARDEPHE
United States District Judge